```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON


MATTHEW MORRIS,

        Plaintiff,

v.                                 Case No. 2:10-cv-01034

JIMMY A. DUNN,

        Defendant.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On August 19, 2010, Plaintiff, Matthew Morris, filed a Complaint alleging that the defendant has committed violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., 18 U.S.C. § 1954[1], the National Environmental Policy Act, 42 U.S.C. § 4332, and the criminal statute governing Mail Fraud, 18 U.S.C. § 1341.  (Docket sheet document # 2). Plaintiff also filed an incomplete Application to Proceed Without Prepayment of Fees and Costs (# 1).  At the time he filed his Complaint, Plaintiff was incarcerated at the Southern Regional Jail.  He has since been released from the correctional facility.

---

[1] Plaintiff's Complaint listed this citation as 95 U.S.C. § 1954, which does not exist.  Plaintiff's Reply to Defendant's Motion to Dismiss (# 8) indicates that this was a typographical error, and that Plaintiff intended to cite 18 U.S.C. § 1954, which is another criminal racketeering statute that concerns "offer, acceptance or solicitation to influence operations of employee benefit plan."

This civil action is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a proceeding where the Plaintiff seeks to proceed in forma pauperis, or without prepayment of fees, the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **PLAINTIFF'S ALLEGATIONS**

Plaintiff's Complaint alleges that defendant is the "primary organizer of a multimillion dollar enterprise that profits from diverse criminal, legal, and semi-legal activities." (# 2 at 2). Plaintiff's Complaint further states that he was a former applicant for employment with one of defendant's many companies. (Id. at 1).

3

Plaintiff's Complaint further alleges that from 1993 to 2004, defendant's primary company, Jimmy A. Dunn Excavating, received contracts for numerous state and federally funded jobs in the State of West Virginia, which were subject to a collective bargaining agreement by which defendant was required to pay employees prevailing wages and benefits. (Id. at 3). Plaintiff alleges that defendant "entered into a scheme to defraud state and federal government and employees by stating on certified payroll that prevailing wages had at all times been paid to employees when in fact defendant was paying employees substantially under prevailing wages." (Id. at 4). Plaintiff's Complaint further alleges that from 1993 to 2004, defendant threatened employees with termination of employment for questioning labor practices, payment practices, and for mentioning joining labor unions. (Id.)

Plaintiff further alleges that, in 1999, defendant was awarded a contract to build a Lowes store in Kanawha City, West Virginia. Plaintiff further alleges that the contract included approximately $7,000 to remove hazardous waste in the form of creosote railroad ties. Plaintiff further alleges that, instead of removing the hazardous waste, defendant directed his employees to bury it near the riverbank behind the store, where it remains. (Id. at 4).

Plaintiff's Complaint further alleges that, in 1999, defendant paid bribes to a public official for illegal use of inmate labor on another job. (Id. at 4-5).

Plaintiff's Complaint further alleges that defendant has improperly used his position on the board of directors of the Poca Valley Bank to engage in fraudulent asset protection and financial manipulation schemes. (Id. at 5). Plaintiff further alleges that defendant has engaged in kickback schemes to obtain state and federal construction contracts, and that he used mail and wire to carry out his activities to deprive state government, federal government, customers, citizens and employees of various tangible and intangible property. (Id. at 5-6).

Plaintiff seeks damages in an amount equivalent to the prevailing wages and benefits that employees on all state and federally-funded contracts would have received if not for defendant's fraudulent activities, punitive damages in the amount of five million dollars, attorneys fees and costs, and an order for a complete audit and investigation of defendant's activities by authorities for civil and criminal prosecution. (Id. at 7-8).

## **DEFENDANT'S MOTION TO DISMISS**

Despite the fact that service of process had not been ordered by the court, defendant, having received notice of the pending Complaint, filed a Motion to Dismiss (# 6) and a Memorandum of Law in support thereof (# 7) on September 21, 2010. Defendant's motion asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted against defendant.

**ANALYSIS**

**A.   Plaintiff's Complaints Fail To State A Claim Upon Which Relief Can Be Granted Under the Civil RICO Statutes.**

Plaintiff's Complaint asserts that defendant's conduct violated 18 U.S.C. §§ 1961 and 1962, which are part of the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"). As noted by the United States Supreme Court in <u>Beck v. Prupis</u>, 529 U.S. 494, 496 (2000), Congress enacted RICO "for the purpose of seek[ing] the eradication of organized crime in the United States...." The Court further stated:

> Congress found that "organized crime in the United States [had become] a highly sophisticated, diversified, and widespread activity that annually drain[ed] billions of dollars from America's economy by unlawful conduct and the illegal use of force, fraud, and corruption. [84 Stat. 922]. The result was to "weaken the stability of the Nation's economic system, harm innocent investors and competing organizations, interfere with free competition, seriously burden interstate and foreign commerce, threaten the domestic security, and undermine the general welfare of the Nation and its citizens." <u>Id.</u> at 923. Finding the existing "sanctions and remedies available to the Government [to be] unnecessarily limited in scope and impact," Congress resolved to address the problem of organized crime "by strengthening the legal tools in the evidence-gathering process, by establishing new penal prohibitions, and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime." <u>Ibid</u>.
>
> RICO attempts to accomplish these goals by providing severe criminal penalties for violations of § 1962, see § 1963, and also by means of a civil cause of action for any person "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c) (1994 ed., Supp. IV).

529 U.S. at 496.

Section 1964(c) of Title 18 provides as follows:

> Any person <u>injured in his business or property by reason of a violation of section 1962</u> of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962.

18 U.S.C. § 1964(c)(emphasis added). Thus, a civil cause of action is available to anyone whose "business or property" is injured "by reason of" a violation of section 1962. Section 1962 lists the activities that are prohibited under the Act:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> * * *
>
> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

7

> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962.

Defendant's Memorandum of Law in support of his Motion to Dismiss states in pertinent part:

> To establish standing under 18 U.S.C. § 1964(c), a plaintiff must plead, at a minimum, (1) the defendant's violation of § 1962, (2) an injury to plaintiff's business or property, and (3) causation of the injury by the defendant's violation. Lerner v. Fleet Bank, N.A., 318 F.3d 113 ([2d Cir.] 2003). "The statutory language requires the plaintiff to make two closely related showings: (1) that he has suffered injury to his business or property; and (2) that this injury was caused by the predicate acts of racketeering activity that make up the violation of § 1962. These injury and proximate cause requirements are elements of standing. A plaintiff in a civil RICO action only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting a violation." State of W. Va. v. Moore, 895 F. Supp. 864 (S.D. W. Va. 1995)(internal citations omitted).
>
> [Plaintiff] asserts that he is a "former applicant of one of defendant's many companies." [Plaintiff] does not assert, nor does Jimmy A. Dunn believe that [Plaintiff] was ever actually an employee of his companies. [Plaintiff] maintains he has standing to assert his claims "[a]s a citizen of the state with an intangible right to honest government and faithful and loyal services of any business or person who transacts business for the state" and "as a former applicant pursuant to Whistleblowers statute of the Whistleblowers act."
>
> * * *
>
> [Plaintiff] does not assert a single theory regarding the manner in which Jimmy A. Dunn's alleged racketeering activity [FN 2 - To be clear Defendant vehemently disputes that he committed or took any part of any racketeering activity] damages [Plaintiff's] business or property. The damages sought by [Plaintiff] are not

8

>   related to any injury to [Plaintiff's] business or
>   property.  As [Plaintiff] has not alleged an injury to
>   his business or property, [Plaintiff] does not have
>   standing to assert a civil cause of action under RICO.

(# 7 at 5-6).

The civil RICO statutes set forth a sophisticated standard of liability which requires particular and detailed pleadings.  As noted by defendant, the court must first address whether Plaintiff has standing to bring a RICO claim.  Furthermore, the right to sue under the RICO treble damages provision requires a showing that the defendant's violation was a "proximate cause" of the Plaintiff's alleged injury.  Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992).  "Proximate cause requires a direct relation between the conduct alleged and the injury asserted. Id. As the Holmes court noted:  "a plaintiff who complained of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts was generally said to stand at too remote a distance to recover."  Id. at 269.  Without being able to show an injury in fact that is directly traceable to the conduct of the defendants, Plaintiff does not have standing to bring these lawsuits.  See Allen v. Wright, 468 U.S. 737 (1984); see also Firestone v. Galbreath, 976 F.2d 279, 285 (6th Cir. 1992).

In Firestone, the grandchildren of Dorothy Bryan Firestone, who were heirs to the Firestone tire fortune, sued the stepchildren from Dorothy's second marriage (hereinafter "the Galbreaths"), alleging that the Galbreaths had been looting Dorothy's estate.

The complaint filed by the Firestone grandchildren contained numerous charges of fraud, tort claims, and RICO violations involving, <u>inter alia</u>, transfers of two pieces of property that Dorothy owned. 976 F.2d at 282.

Concerning the RICO claims, the Sixth Circuit found that the grandchildren lacked standing to bring an individual RICO claim because they had not suffered a direct injury. Specifically, the court held:

> The Grandchildren allege that by stealing from their grandmother during her lifetime, the defendants decreased the size of Dorothy Galbreath's estate, and consequently the size of their inheritance. This is only an indirect injury because any harm to the Grandchildren flows merely from the misfortunes allegedly visited upon Dorothy Galbreath by the defendants. <u>See</u> <u>Holmes</u>, 503 U.S. at ___, 112 S. Ct. at 1318. The estate suffered the direct harm; it, not the Family Trust, lost the property. Consequently, the Grandchildren lack standing to bring an individual RICO claim, and the district court correctly dismissed it.

<u>Id.</u> at 285.

On October 19, 2010, Plaintiff filed a "Reply to Jimmy A. Dunn's Motion to Dismiss." (# 8). Plaintiff has not offered any evidence or argument concerning an injury to his business or property sufficient to state a claim under the civil enforcement provisions of the RICO Act. Plaintiff simply relies upon his "layman" status and requests that the court allow the case to continue "in the interest of justice," with the appointment of counsel. (<u>Id.</u> at 3-4).

Taking the allegations in the Complaint in the light most favorable to Plaintiff, Plaintiff has not alleged that he has any business or tangible property interest that has been harmed by the actions of the defendant. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff does not have standing to bring a RICO claim. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted under the RICO Act against the defendant.

**B. Plaintiff's Complaint fails to state a claim upon which relief can be granted under the other cited statutes.**

The other statutes cited in Plaintiff's Complaint are criminal statutes, which have no provision for private causes of action. Section 1954 of Title 18 governs the offer, acceptance or solicitation to influence the operations of employee benefit plans, and provides for a term of imprisonment and a fine for violations of that statute. Similarly, as noted by Defendant in his Memorandum of Law, section 1341 of Title 18, which governs Mail Fraud, does not provide a right for a private citizen to prosecute federal crimes. (# 7 at 4).

Section 4332 of Title 42 is entitled the National Environmental Policy Act. It concerns the cooperation and coordination of federal agencies in the implementation and administration of laws and policies concerning the environment.

The statute has no provision for a private cause of action for any alleged violations of environmental laws.

Plaintiff has no standing to bring claims under any of these statutes. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the defendant under any of these statutes.

Plaintiff's Reply concedes that he has no standing to bring claims under these criminal statutes and requests that the proper authorities intervene and prosecute defendant for the alleged violations. This court has no authority to order any investigations or prosecutions by any state or federal prosecutorial or investigatory entity.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Dismiss (# 6), **DENY AS MOOT** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (# 1), and dismiss this civil action from the court's docket.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of

objections), and then three days (mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

December 2, 2010
Date

Mary E. Stanley
United States Magistrate Judge

13